UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EUGENE EALY                                                  PETITIONER

v.                              CIVIL ACTION NO. 3:12-cv-00200-CWR-FKB

JACQUELYN BANKS                                      RESPONDENT

REPORT AND RECOMMENDATION

This habeas corpus action is before the undersigned on Defendant's Motion to Dismiss (Docket No. 7). Having considered the motion, the Court recommends that it be granted.

Petitioner Ealy pled guilty to murder in the Circuit Court of Madison County, Mississippi, and by order filed on July 14, 2006, he was sentenced to serve life in prison. Docket No. 7-1. Ealy did not appeal his sentence, nor did he file any motion for post-conviction relief in state court until January 1, 2011, at which time he filed a motion for post-conviction relief in the Circuit Court of Madison County, Mississippi. Docket No. 1. The instant petition was stamped filed by the Clerk of this Court on March 22, 2012.[1]

The issue before the undersigned is the timeliness of Ealy's petition. Defendant points to the revised 28 U.S.C. § 2244(d) as the basis for its motion to dismiss. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2244(d) reads as follows:

---

[1] A prisoner's petition is deemed filed on the day the document is delivered to prison officials for mailing. See, e.g., Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999). Ealy, however, failed to date his petition. The envelope in which the petition arrived is postmarked March 20, 2012. Docket No. 1-2.

1

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Because Ealy filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. Asserting that Ealy's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B)-(D), Defendant argues that it is untimely. Ealy's petition was filed within one year of the Madison County Circuit Court's denial of his motion for post-conviction relief on April 26, 2011. Docket No. 7-3. Defendant contends, though, that the instant petition is untimely as it was filed more than one year after the July 14, 2006, sentencing order. Defendant argues that despite Ealy having filed a motion for post-conviction relief in state court, tolling of the one year statute of limitations is not applicable since Ealy did not file in state court within one year of July 14, 2006. Ealy did not file his motion for post-conviction relief with the state court until well more than three years after he

2

was sentenced. Therefore, the state court dismissed his motion for post-conviction relief as untimely based on the three year statute of limitations for seeking relief in state court. Docket No. 7-3.

The Court agrees that the instant petition was not timely filed and does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way). Ealy alleges that he was sixteen (16) years of age and illiterate at the time he entered his guilty plea, but offers no reason for his having failed to seek any relief from mid-2006 until early 2011. Docket No. 1. The undersigned concludes that Petitioner has shown no reason he should be excused from meeting the AEDPA deadline.

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss (Docket No. 7) be granted and that the petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED this the 10th day of July, 2012.


                                            s/ F. Keith Ball
                                            UNITED STATES MAGISTRATE JUDGE