IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**EUGENE EALY**                                                                         **PETITIONER**

**V.**                                                       **CAUSE NO. 3:12-CV-00200-CWR-FKB**

**JACQUELYN BANKS**                                                  **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Anti-Terrorism and Effective Death Penalty Act establishes a one-year statute of limitations for *habeas corpus* petitions.[1] In this case, Eugene Ealy was sentenced to life in prison by a state court on July 14, 2006. He filed a petition for *habeas corpus* in this Court nearly six years later on March 22, 2012.[2] The petition, therefore, was untimely. In recognition of this fact, the magistrate judge recommended that Ealy's petition be dismissed.[3]

Ealy objects to that suggestion. According to Ealy, he was housed at a facility filled mostly with juveniles during the period of time when a *habeas* petition would have been timely. Because his fellow inmates were young and unversed in the law, and because his trial attorney never explained the *habeas* process to him, Ealy claims he was ignorant of his rights.[4]

But even affording Ealy the *de novo* review to which he is entitled,[5] the magistrate

---

[1] 28 U.S.C. § 2244(d).

[2] Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1].

[3] Report and Recommendation [Docket No. 8].

[4] Excuse for Exceeding Time Limitation [Docket No. 9] at 1-2.

[5] Fed. R. Civ. P. 72(b)(3).

1

judge's conclusion clearly is correct. Although AEDPA's statute of limitations is subject to equitable tolling,[6] the Fifth Circuit has held that "[a] *habeas* petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[7] But none of those circumstances exist in Ealy's case. "[I]gnorance of the law, lack of knowledge of filing deadlines, . . . temporary denial of access to research materials or the law library, and inadequacies in the prison law library[ ] are not sufficient to warrant equitable tolling."[8]

The magistrate judge's Report and Recommendation is adopted, and Ealy's petition is dismissed with prejudice. All other outstanding motions are dismissed as moot.

Additionally, because Ealy has not established that "jurists of reason would find it debatable whether [this] court was correct in its procedural ruling,"[9] no Certificate of Appealability shall issue.

A Final Judgment will be entered to memorialized this decision.

SO ORDERED this Eighth day of August 2012.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[6] *Holland v. Florida*, 130 S.Ct. 2549, 2560, ___ U.S. ___ (2010).

[7] *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

[8] *Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011) (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000)).

[9] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).